# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

**DONALD EUGENE GARDNER, III,**   :

   **Plaintiff,**   :

**vs.**   :   **CIVIL ACTION NO:12-00639-CG-B**

**COUNTY OF BALDWIN,** *et al.*,   :

   **Defendants.**   :

## ORDER

Plaintiff Donald Eugene Gardner, III, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. Because Gardner is proceeding *in forma pauperis*, the Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)[1]. (Doc. 1). In reviewing Plaintiff's complaint, which contains 62 pages of text and another 24 pages of attachments, the Court finds that many of the paragraphs are long and rambling such that it is difficult for the Court to discern whether the claims are plausible or fail to state a claim upon which relief can be granted. In

---

[1] Under § 1915(e)(2)(B), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S. Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). A claim is frivolous as a matter of law where the defendants are immune from suit, or the claim seeks to enforce a right that clearly does not exist. Id. Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997).

other words, Gardner's complaint does not contain a "short and plain statement" of his claims as required by Rule 8(a) of the Federal Rules of Civil Procedure.[2] See Harrison v. Board of Regents of Univ. Sys. of Ga., 519 F. App'x 641, 643 (11th Cir. 2013) (unpublished) (finding that an 82-page complaint was not "'a short and plain statement of the claim showing that the pleader is entitled to relief'");[3] Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001)(finding that a 58-page complaint naming 14 defendants was not a "short and plain statement of the claim"); Pelletier v. Zweifel, 921 F.2d 1465, 1492, 1522 (11th Cir.) (admonishing the district court for not intervening at the earliest point and requiring the plaintiff to replead his 70-

---

[2] Rule 8 of the Federal Rules of Civil Procedure provides:

>(a) Claim for Relief. A pleading that states a claim for relief must contain:
>
>(1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
>(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
>(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

[3] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11TH CIR. R. 36-2 (2005).

page amended complaint which caused the expenditure of much time and effort by the defendant and the court), cert. denied, 510 U.S. 918 (1993), abrogated on other grounds Douglas Asphalt Co. v. QORE, Inc., 657 F.3d 1146, 1151 (11th Cir. 2011); Muhammad v.Bethel-Muhammad, CA 11-0690-WS-B, 2012 U.S. Dist. LEXIS 8605, at *1-2, 2012 WL 206173, at *1-2 (S.D. Ala. Jan. 24, 2012) (finding that the 100-page complaint violated Rule 8(a) as did the plaintiffs' prior lawsuit's complaint which consisted of 36 pages, but with incorporations was over 70 pages); Gollomp v. Spitzer, 568 F.3d 355, 372 (2d Cir. 2009) (finding no justification for filing a 61-page complaint); Jones v. National Commc'ns & Surveillance Networks, 266 F. App'x 31, 33 (2d Cir. 2008) (finding that the "single-spaced 58-page complaint with 87 additional pages of attachments" was not a short and plain statement); Abell v. Sothen, 214 F. App'x 743, 747 (10th Cir. 2007) (finding a 37-page complaint was not a short and plain statement); Miles v. Trempealeau Cnty., 204 F. App'x 570, 573 (7th Cir. 2006) (finding that a 28-page complaint failed to meet Rule 8's requirements); see also Streeter v. City of Pensacola, 2007 U.S. Dist. LEXIS 18215, 2007 WL 809786, at *2 (N.D. Fla. Mar. 15, 2007) (limiting the court-ordered amended complaint to 25 pages due to the second court-ordered amended complaint being 73 pages which was longer than the 51-page first amended

3

complaint); Coleman v. Butler, 2005 U.S. Dist. LEXIS 20205, at *1, 2005 WL 1876166, at *1 (N.D. Fla. Aug. 3, 2005) (limiting the amended complaint to 12 pages because the original 30-page complaint was repetitive and not a short and plain statement); Barr v. Gee, 2010 U.S. Dist. LEXIS 76026, at *1, 2010 WL 3002875, at *1 (M.D. Fla. July 28, 2010) (limiting the amended complaint to 30 pages after reviewing the 137-page original complaint).

"Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." Skinner v. Switzer, 131 S. Ct. 1289, 1296 (2011). A plaintiff need not "pin his claim for relief to a precise legal theory." Id. Rather, a plaintiff is required to state with sufficient facts a "claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The "[f]actual allegations must be enough to raise a right to relief above the speculative

4

level[.]" Twombly, 550 U.S. at 555. Allegations that do not contribute to the finding of a plausible claim are the "unadorned, the-defendant-unlawfully-harmed me accusation," "labels and conclusions," "a formulaic recitation of the elements of a cause of action," and "'naked assertion[s] devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678.

In order to aid the Court in undertaking the screening required by 28 U.S.C. § 1915(e)(2)(B), Gardner is hereby ORDERED to file, on or before **December 31, 2013,** an amended complaint that satisfies the pleading requirements discussed above. The amended complaint shall contain a "short and plaint" statement of Gardner's claim, and shall be on this Court's § 1983 complaint form. Gardner is **ORDERED** to complete the form in its entirety, and if there are more defendants than spaces, he is required to follow the form's format on separate sheets of paper. See Local Rule 83.9(d) (requiring all *pro se* litigants to use the forms provided by the Court). However, an amended complaint that exceeds **25 pages** in total will presumptively violate this Order.

In drafting his amended complaint, Gardner is advised that he should generally bring only one claim in the amended complaint and, if there is a claim that is closely related to the primary claim, it may be included. For example, Gardner's

5

allegations regarding his mail are not related to his claim regarding his mental health treatment, or lack thereof. (Doc. 1 at 46-49). Moreover, Gardner has not identified the individuals connected to his allegations regarding his mail, nor is there any indication that these unnamed individuals had any involvement with respect to Gardner's other claims.

In determining whether a claim is related, the Court looks to whether the claim arises from "the same transaction, occurrence, or series of transactions or occurrences" and whether there are "questions of law or fact common to all defendants" that will arise in the action. <u>Headwaters, LLC v. Dawes Lake, LLC</u>, CA 13-0291-CG-N, 2013 U.S. Dist. LEXIS 120788, 2013 WL 4519198, at *3 (S.D. Ala. 2013) (applying Rule 20(a)); Fed. R. Civ. P. 20(a)(2).[4]

> To determine whether claims arise from the same "series of transactions or occurrences" under Rule 20(a)(2), courts in the Eleventh Circuit apply the "logical relationship"

---

[4] Rule 20(a)(2) provides:

> (2) Defendants. Persons . . . may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

> test. See Smith v. Trans-Siberian Orchestra, 728 F. Supp. 2d 1315, 1319 (M.D. Fla. 2010) (citing Republic Health Corp. v. Lifemark Hosps. of Fla., 755 F.2d 1453, 1455 (11th Cir. 1985)). "Under this test, a logical relationship exists if the claims rest on the same set of facts or the facts, on which one claim rests, activate additional legal rights supporting the other claim." Id. (citing Republic Health, 755 F.2d at 1455). In other words, "there is a logical relationship when 'the same operative facts serve as the basis of both claims.' " Republic Health, 755 F.2d at 1455 (quoting Plant v. Blazer Fin. Servs., Inc., 598 F.2d 1357, 1361 (5th Cir. 1979)). "[O]nly claims that do not arise from common operative facts are not logically related." Montgomery Ward Dev. Corp. v. Juster, 932 F.2d 1378, 1381 n. 1 (11th Cir. 1991). The logical relationship standard is a "loose" one that "permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits." Plant, 598 F.2d at 1361 (internal quotations omitted). Joinder rules, including Rule 20(a)(2), are construed generously towards "entertaining the broadest possible scope of action consistent with fairness of the parties." United Mine Workers v. Gibbs, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).

Id. (quoting Bollea v. Clem, 937 F. Supp. 2d 1344, 1350-51 (M.D. Fla. 2013)); see Skillern v. Georgia Dept. of Corrs. Comm'r, 379 F. App'x 859, 860 (11th Cir. 2010) (affirming the district court's dismissal of the plaintiff's action because the plaintiff's contention, that several unrelated incidents, ranging from serving him inedible food to leaving him in isolation, etc., which occurred on different dates, showed

7

defendants' overall indifference to his medical conditions, did not comply with the court's order directing him to show that his claims arose out of the same transaction, occurrence, or series of transactions or occurrences); Hurst v. Powell, 2013 U.S. Dist. LEXIS 110215, 2013 WL 4011051, at *3 (M.D. Ga. Aug. 6, 2013) (dismissing claims for slander and discrimination as they did not arise out the same transaction of occurrence as the claims in plaintiff's complaint); Union v. Montenegro, 2012 U.S. Dist. LEXIS 87666, 2012 WL 2401784, at *5 (M.D. Fla. June 25, 2012)(finding that the plaintiff's claims were unrelated as the incidents allegedly occurred at two different prisons, with one claim being based on plaintiff's close management status at one institution and the other claim being concerned with the allegedly false disciplinary he received at another institution).

Additionally, Gardner is advised that in drafting the short and plain statement in his amended complaint, he shall include: a statement of the date and the place that each alleged event occurred, the participants in each event, and a description of each event on which he relies to state each claim against each defendant. Gardner shall avoid repeating himself, which he did extensively in the original complaint. He shall also avoid attempting to provide every detail of the story surrounding his

8

claim. See Muhammad, 2012 U.S. Dist. LEXIS 8605 at *1 ("It is true that a complaint must include sufficient [f]actual allegations ... to raise a right to relief above the speculative level. . . . But a complaint does not need detailed factual allegations to survive an initial attack on its sufficiency, only enough facts to state a claim for relief that is plausible on its face.") (quotation marks and citations omitted). Additionally, Gardner shall avoid including legal argument or citation to cases or other authority in his amended complaint.

In a § 1983 action such as this one, a plaintiff must causally connect a defendant's actions, omissions, customs, policies, or breaches of statutory duty to a deprivation of the plaintiff's constitutional or federal rights in order to state a claim. See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982), cert. denied, 464 U.S. 932 (1983); see also Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008) ("[A] complaint will be held defective . . . if [it] fails to connect the defendant with the alleged wrong.").

Finally, Gardner is cautioned that the failure to comply with this order within the prescribed time by filing an amended complaint that complies with Rule 8 or by simply not filing an amended complaint will result in the dismissal without prejudice

9

of this action. See Pelletier, 921 F.2d at 1522 n.103 (advising the court to dismiss the action if the plaintiff did not file a complying complaint).

The Clerk is **DIRECTED** to send Gardner a form for a complaint under § 1983.

**DONE** this the **3rd** day of **December, 2013.**

                                              **/s/ SONJA F. BIVINS**
                                **UNITED STATES MAGISTRATE JUDGE**