IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DONALD E. GARDNER, III, #283161, *
                                  *
    Plaintiff,                    *
                                  *
vs.                               * CIVIL ACTION NO. 12-00639-CG-B
                                  *
COUNTY OF BALDWIN, *et al.*,      *
                                  *
    Defendants.                   *

## REPORT AND RECOMMENDATION

Plaintiff, a Baldwin County Sheriff's Corrections Center ("BCSCC") inmate proceeding *pro se* and *in forma pauperis*, filed a complaint under 42 U.S.C. § 1983. This action has been referred to the undersigned for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4). Upon careful review, it is recommended that Defendant Baldwin County Commission be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the claims against it are frivolous. This action, however, will proceed with respect to the other claims.

**I. Standards of Review Under 28 U.S.C. § 1915(e)(2)(B).**

Because Plaintiff is proceeding *in forma pauperis*, the Court is screening his superseding Amended Complaint (Doc. 60) under 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), a claim may be dismissed as "frivolous where it lacks an arguable basis in law or fact." Neitzke v. Williams, 490 U.S. 319, 325,

109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). A claim is frivolous as a matter of law where, *inter alia*, the defendants are immune from suit, id., 490 U.S. at 327, or the claim seeks to enforce a right that clearly does not exist. Id.

Moreover, a complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 557, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 555, 557, (second brackets in original). But "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Furthermore, when a successful affirmative defense, such as a statute of limitations, appears

2

on the face of a complaint, dismissal for failure to state a claim is also warranted. Jones v. Bock, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007).

When considering a *pro se* litigant's allegations, a court holds them to a more lenient standard than those of an attorney, Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972), but it does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Investments v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds by Randall v. Scott, 610 F.3d 791, 710 (11th Cir. 2010) (relying on Iqbal, 556 U.S. 662). A plaintiff's factual allegations are treated as true, but conclusory assertions and a recitation of a cause of action's elements are not. Iqbal, 566 U.S. at 681, 129 S. Ct. at 1951. In addition, a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir.), cert. denied, 493 U.S. 863 (1989).

**II. Analysis.**

 **A. Claims Against Defendant Baldwin County Commission.**

In Plaintiff's Court-ordered Amended Complaint (Doc. 60), he complains about the inadequate mental health care that he received while he was pretrial detainee, from October, 2011

through May, 2012, at BCSCC.  Plaintiff alleges that the inadequate mental health care is the result of inadequate customs and/or policies, the failure to employ a mental health professional, and the deliberate indifference of BCSCC's employees.  Plaintiff names the Baldwin County Commission ("Commission") as one of six Defendants. (Id., at 8).  The other Defendants are: Dr. Sherman, Major Byrne, Sheriff Mack, Nurse Wasdin, and Captain Bennett. (Id., at 5-8).

Plaintiff claims that Defendant Commission, which acts through its John Doe and Jane Doe commissioners, is "responsible for not having a policy or procedure to provide inmates with access to Mental Health treatment or properly training [the] Sher[iff] in handling Mental Health inmates." (Id., at 8). Plaintiff contends that this constitutes deliberate indifference and inadequate and/or unconstitutional policies by Defendant Commission.  (Id.).   Plaintiff maintains that Defendant Commission did not employ a mental health professional, failed to have or create a policy to provide inmates with mental health treatment, and practiced a custom of denying inmates access to adequate mental health treatment. (Id., at 3).  Plaintiff claims that due to the deliberate indifference of Defendant Commission and the individual Defendants, he attempted suicide by tying one end of a sheet around his neck and the other end around the

4

banister of the second story tier and then jumping from the second tier. (Id., at 5). Plaintiff further asserts that Defendant Commission "allowed Defendants Mack and Byrne to practice inadequate policies and/or unconstitutional policies that injured Plaintiff and violated his rights." (Id., at 11). Plaintiff also asserts that Defendant Commission along with the other Defendants were "responsible for being deliberately indifferent to plaintiff[']s mental health needs and caused him to suffer mental, emotional, and physical harm and/or pain." (Id., at 12). In addition, "[t]he Policy and/or Custom of Baldwin County Comm., Mack, and/or Byrne [is] to house more than 500 inmates, at the jail without housing at least one (1) full-time doctor and/or psychiatric specialist . . . to treat" mental conditions. (Id., at 12).

**B. Applicable Law.**

Plaintiff's allegations against Defendant Commission fall into two categories, namely, the failure to have a policy to treat mental health problems adequately at BCSCC and the allowance of inadequate policies to treat inmates' mental health problems by Defendants Mack and Byrne. Neither category is sufficient to state a claim against Defendant Commission.

In Alabama "the duties of the counties with respect to the jails 'are limited to funding the operation of the jail and to

5

providing facilities to house the jail.'" Turquitt v. Jefferson County, Ala., 137 F.3d 1285, 1289 (11th Cir. 1998) (quoting Stark v. Madison County, 678 So. 2d 787, 787 (Ala. Civ. App. 1996)), cert. denied, 525 U.S. 874 (1998); see Cagle v. Sutherland, 334 F.3d 980, 986-97 (11th Cir. 2003) (treating a funding claim against the county and county commission as the same claim). This duty of the county has been construed to be limited to erecting the jail and maintaining its physical plant. Turquitt, 137 F.3d at 1289. "The County has no authority to manage the sheriff's employees[,]" id., inasmuch as the sheriff is not an employee of the county, but is an executive officer of the State. Id., 137 F.3d at 1288. "[T]he sheriff has control over the inmates of the jail, the employees of the jail, and the jail itself." Id., 137 F.3d at 1289. "[T]he sheriff's authority over the jail is totally independent of the [county commission]." Id. (brackets in original) (quoting King v. Colbert County, 620 So. 2d 623, 625 (Ala. 1993)).

Thus, as a matter of law, Defendant Commission does not have a policy or custom that is involved in Plaintiff's claims for the lack of adequate mental health treatment at BCSCC as Defendant Commission has no authority over the operation of BCSCC. Accordingly, Plaintiff's claims against Defendant Commission are frivolous as matter of law. See Kirkland v.

County Comm'n of Elmore Cnty., Ala., 2009 U.S. Dist. LEXIS 17614, *2-3, 2009 WL 596538 (M.D. Ala. Mar. 6, 2009) (unpublished) ("Alabama law provides no authorization for a county or a county commission to supervise the operation of county jails or detention facilities."); cf. United States v. White, 663 F.3d 1207, 1209 (11th Cir. 2011) (observing that five commissioners, which constituted the county commission, governed the county), cert. denied, 133 S. Ct. 646 (2012).

Furthermore, to the extent that Plaintiff seeks to hold Defendant Commission liable for the actions of the other Defendant's or a subordinate's actions, § 1983 does not impose liability against the Commission for another's actions. See Monell v. Department of Social Servs., 436 U.S. 658, 691-92, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (holding that in a § 1983 action the city could not be held liable either vicariously or under the theory of *respondeat superior* for the acts of an employee); see Free v. Granger, 887 F.2d 1552, 1556 (11th Cir. 1989) ("Thus, to the extent that the plaintiff is seeking recovery from Escambia County, Alabama for the malfeasance of several of its employees, recovery is impermissible under the statute [§ 1983]."). "A local government may be held liable under § 1983 only for acts for which it is actually responsible, 'acts which the [local government] has officially sanctioned or

ordered.'" Turquitt, 137 F.3d at 1287 (quoting Pembaur v. City of Cincinnati, 475 U.S. 469, 479-80 (1986)); see Melton v. Abston, 2013 U.S. Dist. LEXIS 112457, *3, 2013 WL 4045901 (N.D. Ala. Aug. 9, 2013) (unpublished) (plaintiff's complaint failed to state a claim because of the failure to allege specific facts indicating that a constitutional deprivation was suffered due to a policy statement, ordinance, regulation, or decision adopted by the county, commission, or commissioners); Turquitt, 137 F.3d at 1292 ("holding that Alabama sheriffs are not county policymakers in their daily management of county jails"). Thus Defendant Commission cannot be held liable for the actions of its subordinates or employees. This claim is, therefore, frivolous as a matter of law.

**III. Conclusion.**

Based upon the foregoing reasons, it is recommended that Defendant Baldwin County Commission be dismissed with prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) because the claims against it are frivolous.

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file

specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. L.R. 72.4. The parties should note that under Eleventh Circuit precedent, "the failure to object limits the scope of [] appellate review to plain error review of the magistrate judge's factual findings." Dupree v. Warden, 715 F.3d 1295, 1300 (11th Cir. 2011). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **May, 2014.**

                                                                            /s/ SONJA F. BIVINS
                                              **UNITED STATES MAGISTRATE JUDGE**